RONEY, Senior Circuit Judge,
concurring specially:
I concur in the decision of the court that the injunction against the Attorney General cannot stand.
The sole issue before us on this appeal is whether the district court erred in entering a judgment that “Defendant Bob Butterworth, Attorney General of the State of Florida, is permanently enjoined from enforcing section 395.3025(2), Florida Statutes, and is further enjoined from promulgating any regulation, rule, policy, procedure, practice or guideline which is based on or relies upon section 395.3025(2), Florida Statutes.”
In my judgment, this injunction must be reversed on two independent grounds argued by the Attorney General on this appeal.
First, and this is a reason relied upon by the Court’s opinion, the Advocacy Center for Persons With Disabilities, Inc. (“Advocacy Center”) has not established that there is no genuine issue of material fact concerning alleged actions under section 395.3025(2), Florida Statutes, which would violate the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (“ADA”). I agree with the Court’s decision that the two paragraphs in the Dana Farmer affidavit:
do not contain any evidence that any of the Advocacy Center’s constituents have been denied access to mental health records based on the Florida statute at issue here. Without such allegations, the Advocacy Center cannot show that any of its clients suffered a concrete injury that is traceable to the challenged statute and could be redressed by a favorable decision in this action.
There are three sources of authority that the Advocacy Center can assert in bringing this action. First, it may seek redress for injuries to itself from defendant’s actions. See Alabama Disabilities Advocacy Program v. J.S. Tarwater Developmental Ctr., 97 F.3d 492 (11th Cir.1996).
Second, under the Protection and Advocacy for Mentally Ill Individuals Act (“PA-MII”), 42 U.S.C. § 10805(a)(1)(B), it may “pursue ... legal ... remedies to ensure the protection of individuals with mental illness who are receiving care and treatment in the State.” This provision relates to litigation concerning the general population of individuals with mental illness, the Advocacy Center’s constituents as a whole or certain constituents as a group, so to speak, and would not seem to require that the action be brought on behalf of a specific individual. Third, under section 10805(a)(1)(C), it may “pursue ... legal ... remedies on behalf of an individual with mental illness” who “is a resident of the State” and who meets certain qualifications. This subsection requires that the action be brought on behalf of a specific individual.
As the Court has held, the Advocacy Center has not sought redress under the first or third of these sources of authority, and has not established that there are individuals who need a remedy or protection under the second source of authority.
Second, regardless of the standing of the Advocacy Center to challenge the constitutionality of the Florida statute, the injunction entered by the district court should be reversed for entirely independent reasons. It should be kept in mind that to the extent the district court’s judgment can be read as a declaratory decree concerning the validity of the Florida statute, that aspect of the decision is not now before us on this interlocutory appeal. We only have jurisdiction to consider the entry of the injunction against the Attorney General.
*889 The injunction must be reversed for one reason argued by the Attorney General.
The defendant Bob Butterworth, neither individually nor as Attorney General of the State of Florida has any authority to enforce the statute challenged nor can he either prevent action pursuant to the statute or redress any injury allegedly suffered because of the invalidity of the statute. That he may be the proper defendant in a declaratory decree action challenging the validity of a Florida statute does not mean that it is proper to enter an injunction against him.
In ACLU v. Florida Bar, 999 F.2d 1486 (11th Cir.1993) and Socialist Workers Party v. Leahy, 145 F.3d 1240 (11th Cir.1998), relied upon in this Court’s opinion, the appellate court found that the governmental defendants had specific enforcement authority over the challenged statutes. The other case cited in the Court’s opinion, Florida ex rel. Shevin v. Exxon Corp., 526 F.2d 266 (5th Cir.), cert. denied sub nom. Standard Oil Co. v. Florida ex rel. Shevin, 429 U.S. 829, 97 S.Ct. 88, 50 L.Ed.2d 92 (1976) simply held that the Attorney General was the proper state official to bring an antitrust action under the Sherman Act on behalf of the State of Florida.
In this case, the Advocacy Center has failed to point out any action which the Attorney General would or could take to enforce the statute against any doctor, hospital or mental institution. It is improper to bring the full force of a federal injunction against the Attorney General in the absence of any showing that, but for the injunction, he would either take steps to enforce section 395.3025(2), Florida Statutes, or would promulgate any regulation, rule, policy, procedure, practice or guideline which is based on or relies upon section 395.3025(2), Florida Statutes.
I thus concur in the reversal of the injunction.